Official Form 7
(04/07)

# United States Bankruptcy Court
## Southern District of Indiana

In re    **Daniel Wayne Smith**
     **Denise Lynne Smith**
                                      Debtor(s)

Case No.    **07-91920**
Chapter     **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $21,422.02 | Husband's Wages Year 2007 Crum Trucking |
| $42,894.00 | Husband's Wages Year 2006 Crum Trucking |
| $42,000.00 | Husband's Wages Year 2005 Crum Trucking |
| $18,625.08 | Wife's Wages Year 2007 State of Indiana |
| $38,277.00 | Wife's Wages Year 2006 State of Indiana |

AMOUNT                     SOURCE
**$38,000.00**             **Wife's Wages Year 2005**
                           **State of Indiana**

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                     SOURCE

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Capital One vs. Daniel and Denise Smith Case No. 69C01-0510-CC-0088** | **suit on account** | **Ripley Superior Court State of Indiana** | **judgment** |

None ■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**5. Repossessions, foreclosures and returns**

None ■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None ■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None ■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None ■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

4

**9. Payments related to debt counseling or bankruptcy**

None ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Koehler Law Office**<br>**400 Pearl Street**<br>**Suite 200**<br>**New Albany, IN 47150** | **7/13/2007** | **$274.00 Filing Fee** |

**10. Other transfers**

None ■  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

5

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

### 18 . Nature, location and name of business

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* **only** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

**20. Inventories**

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

None
■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY |
|---|---|
| DATE OF INVENTORY | RECORDS |

**21 . Current Partners, Officers, Directors and Shareholders**

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
|---|---|---|
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

**22 . Former partners, officers, directors and shareholders**

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **November  9, 2007**       Signature   **/s/ Daniel Wayne Smith**
                                                 **Daniel Wayne Smith**
                                                 Debtor

Date   **November  9, 2007**       Signature   **/s/ Denise Lynne Smith**
                                                   **Denise Lynne Smith**
                                                 Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form B6A
(10/05)

.

In re  **Daniel Wayne Smith,**                                          Case No. ___**07-91920**_____
       **Denise Lynne Smith**

_____,
                    Debtors
## SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **4 Bedroom frame home on 1.84 acres**<br>**Location: 7191 N. Finks Rd., Osgood IN**<br>**Purchased 1996 for $75,000.00**<br>**Appraisal 2005 for $60,000.00** | **Tenancy by the entirety** | **J** | **60,000.00** | **90,879.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **60,000.00** | (Total of this page) |
| Total > | **60,000.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

Form B6B
(10/05)

.

In re  **Daniel Wayne Smith,**                                                    Case No.  ___07-91920___
         **Denise Lynne Smith**

                                                                                              ,
                                          Debtors

## SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account Fifth Third Bank** | J | 27.00 |
| | | **Savings account Fifth Third Bank** | J | 50.00 |
| | | **Savings account joint w/ oldest daughter Napolian State Bank** | J | 125.00 |
| | | **Savings account Joint account with younger daughter Napolian State Bank** | J | 100.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **3 bedroom suits, 1 couch, 1 love seat, 2 TVs, kitchen suit, washer, dryer, refrigerator, stove.** | J | 500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Used clothing Location: 7191 N. Finks Rd., Osgood IN** | J | 200.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Life insurance death benefit only no cash value thru employer** | H | 0.00 |

                                                                        Sub-Total >          **1,002.00**
                                                                      (Total of this page)

__3__   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re  **Daniel Wayne Smith,**
     **Denise Lynne Smith**

Case No.  **07-91920**

Debtors ,

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Life insurance death benefit only no cash value thru employer** | **W** | **0.00** |
| 10. Annuities. Itemize and name each issuer. | **X** | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | **X** | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Money Market IRA thru Larry Stahl and Associates** | **H** | **700.00** |
| | | **Perf thru State of Indiana** | **W** | **1,500.00** |
| | | **Deferred comp 4013B State retirement. Health Savings Account** | **W** | **3,000.00** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | **X** | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | **X** | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | **X** | | | |
| 16. Accounts receivable. | **X** | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | **X** | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | **X** | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | **X** | | | |

Sub-Total >   **5,200.00**
(Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6B
(10/05)

In re   **Daniel Wayne Smith,**　　　　　　　　　　　　　　　　　　Case No.　　**07-91920**
　　　　**Denise Lynne Smith**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　,
　　　　　　　　　　　　　　　　　　　Debtors

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2000 Wildwood 24BH Camper** **Location: 7191 N. Finks Rd., Osgood IN** **The Debtors' best estimated value is $4,000.00** **The Debtor previously sold campers.** | J | 4,000.00 |
| | | **1976 Ford F150** **Location: 7191 N. Finks Rd., Osgood IN** | J | 500.00 |
| | | **1996 Ford F150  178,109 miles** **Location: 7191 N. Finks Rd., Osgood IN** **Value has been estimated by N.A.D.A Bluebook** | J | 3,500.00 |
| | | **1999 Plymouth Breeze   153,958 miles** **Location: 7191 N. Finks Rd., Osgood IN** **Value has been estimated by N.A.D.A Bluebook** | J | 1,156.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

　　　　　　　　　　　　　　　　　　　　　　　　　　　Sub-Total >　　　　**9,156.00**
　　　　　　　　　　　　　　　　　　　　　　　　　　(Total of this page)

Sheet　**2**　of　**3**　continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037　　　　　　　　　　　　　　　　　　　　　Best Case Bankruptcy

Form B6B
(10/05)

In re    **Daniel Wayne Smith,**                                                Case No.    **07-91920**
      **Denise Lynne Smith**

                                    Debtors

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total >  (Total of this page) | **0.00** |
|---|---|---|
|  | Total > | **15,358.00** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                Best Case Bankruptcy

Form B6C
(4/07)

In re  **Daniel Wayne Smith,**  Case No. _____**07-91920**_____
**Denise Lynne Smith**

_____,
Debtors

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                               $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account** **Fifth Third Bank** | **Ind. Code § 34-55-10-2(c)(2)** | **27.00** | **27.00** |
| **Savings account** **Fifth Third Bank** | **Ind. Code § 34-55-10-2(c)(2)** | **200.00** | **50.00** |
| **Savings account joint w/ oldest daughter** **Napolian State Bank** | **Ind. Code § 34-55-10-2(c)(2)** | **125.00** | **125.00** |
| **Savings account** **Joint account with younger daughter** **Napolian State Bank** | **Ind. Code § 34-55-10-2(c)(2)** | **100.00** | **100.00** |
| **Household Goods and Furnishings** **3 bedroom suits, 1 couch, 1 love seat, 2 TVs, kitchen suit, washer, dryer, refrigerator, stove.** | **Ind. Code § 34-55-10-2(c)(2)** | **500.00** | **500.00** |
| **Wearing Apparel** **Used clothing** **Location: 7191 N. Finks Rd., Osgood IN** | **Ind. Code § 34-55-10-2(c)(2)** | **200.00** | **200.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** **1976 Ford F150** **Location: 7191 N. Finks Rd., Osgood IN** | **Ind. Code § 34-55-10-2(c)(2)** | **500.00** | **500.00** |
| **1996 Ford F150  178,109 miles** **Location: 7191 N. Finks Rd., Osgood IN** **Value has been estimated by N.A.D.A Bluebook** | **Ind. Code § 34-55-10-2(c)(2)** | **3,500.00** | **3,500.00** |
| **1999 Plymouth Breeze   153,958 miles** **Location: 7191 N. Finks Rd., Osgood IN** **Value has been estimated by N.A.D.A Bluebook** | **Ind. Code § 34-55-10-2(c)(2)** | **1,156.00** | **1,156.00** |
| | Total: | **6,308.00** | **6,158.00** |

  **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

Official Form 6D (10/06)

In re    **Daniel Wayne Smith,**
       **Denise Lynne Smith,**

Case No.    **07-91920**

                              Debtors

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | | |
| Account No. **9947060**<br><br>**CENTRA FCU**<br>**1430 NATIONAL BK**<br>**COLUMBUS, IN 47201** | | | J | | **02/22/2000**<br>**1st Lien**<br>**2000 Wildwood 24BH Camper**<br>**Location: 7191 N. Finks Rd., Osgood IN**<br>**The Debtors' best estimated value is**<br>**$4,000.00**<br>**The Debtor previously sold campers.** | | | | | |
| | | | | | Value $        **4,000.00** | | | | **10,157.00** | **6,157.00** |
| Account No. **7381008895**<br><br>**HOMECOME FIN**<br>**2711 N HASKELL**<br>**SUITE 1000**<br>**DALLAS, TX 75204** | | | J | | **03/17/1998**<br><br>**Second Mortgage**<br><br>**4 Bedroom frame home on 1.84 acres**<br>**Location: 7191 N. Finks Rd., Osgood IN**<br>**Purchased 1996 for $75,000.00**<br>**Appraisal 2005 for $60,000.00** | | | | | |
| | | | | | Value $    **60,000.00** | | | | **31,601.00** | **30,879.00** |
| Account No. **5152982203867**<br><br>**US BK HM MTG**<br>**777 E WISCONSIN**<br>**MILWAUKEE, WI 53202** | | | | | **09/09/1996**<br><br>**First Mortgage**<br><br>**4 Bedroom frame home on 1.84 acres**<br>**Location: 7191 N. Finks Rd., Osgood IN**<br>**Purchased 1996 for $75,000.00**<br>**Appraisal 2005 for $60,000.00** | | | | | |
| | | | | | Value $    **60,000.00** | | | | **59,278.00** | **0.00** |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

  **0**   continuation sheets attached

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | **101,036.00** | **37,036.00** |
| Total<br>(Report on Summary of Schedules) | **101,036.00** | **37,036.00** |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6E (4/07)

In re  **Daniel Wayne Smith,**                                      Case No. _____**07-91920**_____
       **Denise Lynne Smith**
_____,
                          Debtors

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trust or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                              **0**      continuation sheets attached

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

Official Form 6F (10/06)

In re **Daniel Wayne Smith,**  
      **Denise Lynne Smith**

                            Debtors

Case No. **07-91920**

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. 5410-6548-1019-1319<br><br>**Academy Collection Service, Inc.**<br>**10965 Decatur Road**<br>**Philadelphia, PA 19154-3210** | | | J | | 05/02/2007<br>**Collecting for Preferred Mastercard** | | | | 4,097.21 |
| Account No. 5653<br><br>**BK OF AMER**<br>**4060 OGLETOWN/STAN**<br>**DE5-019-03-07**<br>**NEWARK, DE 19713** | | | | | 06/25/1996<br>**Credit Card** | | | | 2,699.00 |
| Account No. 13939018061200026<br><br>**CACH LLC**<br>**370 17TH STREET**<br>**SUITE 5000**<br>**DENVER, CO 80202** | | | J | | 12/04/2006<br>**Personal loan** | | | | 14,972.00 |
| Account No. 69C01-0510-CC-0088<br><br>**CAPITAL 1 BK**<br>**11013 W BROAD ST**<br>**69C01-0510-CC-0088**<br>**GLEN ALLEN, VA 23060** | | | J | | 01/28/1999<br>**Credit Card** | | | | 5,622.00 |

  **3**  continuation sheets attached

Subtotal  
(Total of this page)

**27,390.21**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037          S/N:29743-071008    Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re   **Daniel Wayne Smith,**
       **Denise Lynne Smith**

Case No.     **07-91920**

                            Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  **Representing: CAPITAL 1 BK** | | | **Bowman, Heintz, Boscia & Vician, PC 251 E. Ohio Street #860 69C01-0510-CC-0088 Indianapolis, IN 46204** | | | | |
| Account No.  **Representing: CAPITAL 1 BK** | | | **Ripley Superior Court 69C01-0510-CC-0088 POB 801, 115 N. Main St. Versailles, IN 47042** | | | | |
| Account No. **5049-9480-7531-3017**  **Capital Management Services, Inc. 726 Exchange Street Suite 700 Buffalo, NY 14210** | | J | **01/01/2006 Collecting for Sears** | | | | 3,290.67 |
| Account No. **422765102544**  **CHASE- BP PO BOX 15298 WILMINGTON, DE 19850** | | | **04/05/2000 Credit Card** | | | | 280.00 |
| Account No. **541065481019**  **CITI POB 6241 SIOUX FALLS, SD 57117** | | | **01/01/1997 Credit Card** | | | | 4,132.00 |

Sheet no. __**1**__ of __**3**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

7,702.67

Official Form 6F (10/06) - Cont.

In re    **Daniel Wayne Smith,**
    **Denise Lynne Smith**

Case No.    **07-91920**

                    Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **377413** <br><br> **GEMB/JCP** <br> **PO BOX 981402** <br> **EL PASO, TX 79998** | | | 05/20/1989 <br> **Charge Account** | | | | 313.00 |
| Account No. **798222115037** <br><br> **GEMB/LOWES** <br> **PO BOX 981400** <br> **EL PASO, TX 79998** | | | 04/27/1997 <br> **Charge Account** | | | | 1,448.00 |
| Account No. **700119161042** <br><br> **HSBC/BSTBY** <br> **POB 15521** <br> **WILMINGTON, DE 19805** | | | 03/12/2002 <br> **Charge Account** | | | | 2,414.00 |
| Account No. **2684160** <br><br> **KOHLS** <br> **N56 W17000 RIDGE** <br> **MENOMONEE FALL, WI 53051** | | | 09/13/1997 <br> **Credit Card** | | | | 1,101.00 |
| Account No. **100424** <br><br> **MARATHON ASH** <br> **539 S. MAIN** <br> **FINDLAY, OH 45840** | | | 04/04/2000 <br> **Credit Card** | | | | 121.00 |

Sheet no. __**2**__ of __**3**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**5,397.00**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6F (10/06) - Cont.

In re    **Daniel Wayne Smith,**
         **Denise Lynne Smith**

Case No. _____**07-91920**_____

_____,
Debtors

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 74973996106034 <br><br> **MBNA** <br> **Attn: Bankruptcy** <br> **POB 15019** <br> **Wilmington, DE 19850-5971** | | J | **01/01/2005** <br> **Personal loan** | | | | **14,972.04** |
| Account No. <br><br> Representing: <br> **MBNA** | | | **CACH, LLC** <br> **4500 Cherry Creek Drive South** <br> **Suite 700** <br> **Denver, CO 80246** | | | | |
| Account No. 7714100284982691 <br><br> **Northstar Location Services** <br> **4285 Genessee Street** <br> **Buffalo, NY 14225** | | J | **03/28/2007** <br> **Collecting for Capital One** | | | | **3,386.45** |
| Account No. 603532007831 <br><br> **THD/CBSD** <br> **PO BOX 6003** <br> **HAGERSTOWN, MD 21747** | | | **04/28/2001** <br> **Charge Account** | | | | **2,215.00** |
| Account No. <br><br><br><br> | | | | | | | |

Sheet no. __**3**__ of __**3**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **20,573.49**

Total
(Report on Summary of Schedules)    **61,063.37**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6G
(10/05)

.

In re    **Daniel Wayne Smith,**                                                      Case No.    **07-91920**
         **Denise Lynne Smith**
_____,
                              Debtors

## SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112;  Fed.R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

___**0**___ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6H
(10/05)

.

In re   **Daniel Wayne Smith,**                                        Case No. ___**07-91920**_____
        **Denise Lynne Smith**
_____,
                        Debtors

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

___**0**___ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Official Form 6I (10/06)

In re **Daniel Wayne Smith**
**Denise Lynne Smith**

Case No.  **07-91920**

Debtor(s)

## SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | **RELATIONSHIP(S):  All children reside with the Debtors.  No child support is paid or received.** | **AGE(S):** |
| | **Daughter** | **13** |
| | **Daughter** | **9** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Truck Driver** | **Vocational Rehab Counselor** |
| Name of Employer | **Crum Trucking, Inc.** | **State of Indiana** |
| How long employed | **4 years** | **10 years** |
| Address of Employer | **1694 Lammers Pike** **28% of truck income** **average 701.00** **Batesville, IN 47006-7775** | **402 Washington St.** **$19.30 per hour x 75 hours Bi-weekly** **Net pay Bi-weekly $1,035.52** **Indianapolis, IN** |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | **4,362.00** | $ | **3,169.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **4,362.00** | $ | **3,169.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | **1,178.00** | $ | **642.00** |
| b. Insurance | $ | **0.00** | $ | **284.00** |
| c. Union dues | $ | **0.00** | $ | **0.00** |
| d. Other (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **1,178.00** | $ | **926.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **3,184.00** | $ | **2,243.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **3,184.00** | $ | **2,243.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | | $ | **5,427.00** |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

Official Form 6I (10/06)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Official Form 6J (10/06)

In re    **Daniel Wayne Smith**
      **Denise Lynne Smith**             Case No.    **07-91920**
                   Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 656.00 |
|     a. Are real estate taxes included?    Yes **X**    No ___ | | |
|     b. Is property insurance included?    Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 311.00 |
|               b. Water and sewer | $ | 85.00 |
|               c. Telephone | $ | 50.00 |
|               d. Other    **See Detailed Expense Attachment** | $ | 275.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 800.00 |
| **5. Clothing-Mrs. Smith requires professional clothing and Mr. Smith requires outdoor clothing for purposes of employment.** | $ | 195.00 |
| 6. Laundry and dry cleaning | $ | 90.00 |
| **7. Medical and dental expenses--Mrs. Smith requires two prescriptive drugs** . | $ | 275.00 |
| **8. Transportation (not including car payments)--Mrs. Smith travels 28 miles round trip for purposes of employment.** | $ | 350.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| **10. Charitable contributions--Osgood Methodist Church** | $ | 25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|               a. Homeowner's or renter's | $ | 0.00 |
|               b. Life | $ | 0.00 |
|               c. Health | $ | 0.00 |
|               d. Auto | $ | 145.00 |
|               e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|       (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|               a. Auto | $ | 0.00 |
|               b. Other    **Second Mortgage** | $ | 395.00 |
|               c. Other _____ | $ | 0.00 |
|               d. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other    **See Detailed Expense Attachment** | $ | 1,233.33 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,927.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | $ | 5,427.00 |
| b.   Average monthly expenses from Line 18 above | $ | 4,927.00 |

**Official Form 6J (10/06)**

  c.  Monthly net income (a. minus b.)        $ _____ **500.00**

Official Form 6J (10/06)

In re **Daniel Wayne Smith**
**Denise Lynne Smith**
_____
Debtor(s)

Case No. **07-91920** _____

## SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| Home phone & Internet | $ | 100.00 |
| Cellular phone( Mr. Smith uses cell phone in truck during employment.) | $ | 140.00 |
| Trash pick up | $ | 35.00 |
| **Total Other Utility Expenditures** | $ | **275.00** |

**Other Expenditures:**

| | | |
|---|---|---|
| Child care--for children after school care | $ | 200.00 |
| School lunches & supplies, girl scouts,4-h, volleyball and basketball. | $ | 275.00 |
| Over the road expenses for Mr. Smith.  Mr. Smith spends $35.00 per day for food and showers.  Mr. Smith drives a tractor trailer over the road for 5 days. | $ | 758.33 |
| **Total Other Expenditures** | $ | **1,233.33** |

Form 6-Summary (10/06)

.

# United States Bankruptcy Court
## Southern District of Indiana

In re    **Daniel Wayne Smith,**
        **Denise Lynne Smith**

                                      Debtors

Case No.     **07-91920**

Chapter                     **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 60,000.00 | | |
| B - Personal Property | Yes | 4 | 15,358.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 101,036.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 61,063.37 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 5,427.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 3 | | | 4,927.00 |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 75,358.00 | | |
| Total Liabilities | | | | 162,099.37 | |

Official Form 6 - Statistical Summary (10/06)

.

# United States Bankruptcy Court
## Southern District of Indiana

In re   **Daniel Wayne Smith,**
      **Denise Lynne Smith**

Case No.    **07-91920**

                           Debtors

Chapter                 **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,427.00 |
| Average Expenses (from Schedule J, Line 18) | 4,927.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 6,846.42 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 37,036.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 61,063.37 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 98,099.37 |

Official Form 6-Declaration. (10/06)

# United States Bankruptcy Court
## Southern District of Indiana

In re **Daniel Wayne Smith**
**Denise Lynne Smith**

Debtor(s)

Case No. **07-91920**

Chapter **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **21** sheets *[total shown on summary page plus 2]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **November  9, 2007**

Signature  **/s/ Daniel Wayne Smith**
**Daniel Wayne Smith**
Debtor

Date  **November  9, 2007**

Signature  **/s/ Denise Lynne Smith**
**Denise Lynne Smith**
Joint Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

# United States Bankruptcy Court
## Southern District of Indiana

In re   **Daniel Wayne Smith**
**Denise Lynne Smith**

                                         Debtor(s)

Case No.   **07-91920**

Chapter   **13**

## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that debtors know what their attorney's responsibilities are and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. In order to assure that debtors and attorneys understand their rights and responsibilities in the bankruptcy process, the following guidelines provided by the Court are hereby agreed to by the debtors and their attorney.

## BEFORE THE CASE IS FILED

**The debtor agrees to:**

1.      Provide the attorney with complete, accurate and current financial information.

2.      Discuss with the attorney the debtor's objectives in filing the case.

3.      Disclose any previous bankruptcies filed in the previous 8 years.

4.      Unless excused under 11 U.S.C. § 109(h), receive a briefing from an approved nonprofit budget and credit counseling agency and provide the attorney with a copy of the certificate from the agency showing such attendance, as well as a copy of the debt repayment plan, if any, developed through the agency.

5.      Disclose to the attorney any and all domestic support obligations.

**The attorney agrees to:**

1.      Meet with the debtor to review the debtor's debts, assets, liabilities, income and expenses.

2.      Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, provide debtor with the notice required under 11 U.S.C. § 342(b) if applicable, discuss both procedures with the debtor and answer the debtor's questions.

3.      Explain what payments will be made to creditors directly by the debtor and what payments will be made through the Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, any other debts that accrue interest, domestic support obligations and leases.

4.      Explain to the debtor how, when and where to make payments, pursuant to the plan, to the Chapter 13 trustee and of the necessity to include the debtor's case number, name and current address on each payment item.

5.      Explain to the debtor how the attorney and trustee's fees are paid and provide an executed copy of this document to the debtor.

6.      Explain to the debtor that the first payment due under Chapter 13 must be made to the trustee within 30 days of filing of the bankruptcy petition.

7.      Advise the debtor of the requirement to attend the Section 341 Meeting of Creditors and instruct the debtor as to the date, time and place of the meeting and of the necessity to bring both picture identification and proof of the debtor's social security number to the meeting.

8.      Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on leased vehicles or those securing loans, and of the obligation to bring copies of the declaration page(s) documenting such insurance to the Meeting of Creditors.

Software Copyright (c) 1996-2007 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

9.      Advise debtors engaged in business of the necessity to maintain liability insurance, workers compensation insurance, if required, and any other insurance coverage required by law.

10.      Timely prepare and file the debtor's petition, plan, statements, schedules, and any other papers or documents required under the Bankruptcy Code.

# AFTER THE CASE IS FILED

**The debtor agrees to:**

1.      Timely make all required payments to the Chapter 13 trustee that first become due 30 days after the case is filed. Also, if required, turn over any tax refunds, personal injury settlement proceeds or any other property as requested by the trustee.

2.      Timely make all post-petition payments due to mortgage lenders, holders of domestic support obligations, lessors, and any other creditor that debtor agreed or is obligated to pay directly.

3.      Cooperate with the attorney in the preparation of all pleadings and attend all hearings as required.

4.      Keep the trustee, attorney, and Court informed of any changes to the debtor's address and telephone number.

5.      Prepare and file any and all federal, state and local tax returns within 30 days of filing the petition.

6.      Inform the attorney of any wage garnishments or attachments of assets which occur or continue to occur after the filing of the case.

7.      Contact the attorney promptly with any information regarding changes in employment, increases or decreases in income or any other financial problems or changes.

8.      Contact the attorney promptly if the debtor acquires any property after the petition is filed.  Such property might include, but is not limited to,  personal injury proceeds, inheritances, lottery winnings, etc.

9.      Inform the attorney if the debtor is sued during the case.

10.      Inform the attorney if any tax refunds to which the debtors are entitled are seized or not returned to the debtor by the IRS, the Indiana Department of Revenue or any other taxing authority.

11.      Contact the attorney to determine whether court approval is required before buying, refinancing or selling real property or before entering into any long-term loan agreement.

12.      Pay any filing fees and courts costs directly to the attorney.

13.      If the requirements of 11 U.S.C. § 109(h) were waived by the Court when the case was first filed, the debtor must receive a briefing from an approved nonprofit budget and credit counseling agency within 30 days of the case being filed (unless the Court, for cause, extends such time) and provide counsel with the certificate from the agency stating that the debtor attended such briefing.

14.      Unless such attendance is excused under 11 U.S.C. §  1328(f), complete an instructional course concerning personal financial management and shall promptly submit to the debtor's attorney a signed and completed Certification of Completion of Instruction Course Concerning Personal Financial Management.

15.      Cooperate fully with any audit conducted pursuant to 28 U.S.C. § 586(a).

16.      After all plan payments have been made, and if the debtor is eligible for a discharge, timely provide counsel with the information needed to complete any documents required by the Court before a discharge will be entered.

**The attorney agrees to provide the following legal services:**

1.      Appear at the Section 341 Meeting of Creditors with the debtor.

2.      Respond to objections to plan confirmation and, where necessary, prepare an amended plan.

2

3.      Timely submit properly documented profit and loss statements, tax returns and proof of income when requested by the trustee.

4.      Prepare, file and serve necessary modifications to the plan.

5.      Prepare, file and serve necessary amended statements and schedules, in accordance with information provided by the debtor.

6.      Prepare, file and serve necessary motions to buy, sell or refinance property when appropriate.

7.      Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor or trustee.

8.      Represent the debtor in motions for relief from stay and motions to dismiss and/or convert.

9.      Where appropriate, prepare, file, serve and notice motions to avoid liens on real or personal property.

10.     Be available to respond to debtor's questions throughout the life of the plan.

11.     Negotiate with any creditor holding a claim against the debtor that is potentially nondischargeable to determine if the matter can be resolved prior to litigation. Discuss with debtor the cost and advisability of litigating the dischargeability of the claim. The attorney is not required, however, to represent the debtor in any adversary proceeding to determine the nondischargeability of any debt pursuant to these Rights and Responsibilities.

12.     Represent the debtor with respect to any audit conducted pursuant to 28 U.S.C. § 586(a).

13.     After all plan payments have been made, and if the debtor is eligible for a discharge, prepare, file and serve any documents required by the Court before a discharge will be entered.

The total fee charged in this case is $___3,500.00___.  If this fee later proves to be insufficient to compensate the attorney for the legal services rendered in the case, the attorney has the right to apply to the court for any additional attorney fees.  Fees shall be paid through the plan unless otherwise ordered.  The attorney may not receive additional fees directly from the debtor other than the initial retainer.  If an attorney has elected to be compensated pursuant to these guidelines, but the case is dismissed or converted prior to confirmation of the plan, absent contrary order, the trustee shall pay to the attorney, to the extent funds are available, an administrative claim equal to 50% of the unpaid fee balance if a properly documented fee claim (for the entire fee balance) has been filed by the attorney and served upon the trustee.

If the debtor disputes the legal services provided or the fees charged by the attorney, an objection must be filed with the Court.

Dated:   **November  9, 2007**                                  **/s/ Daniel Wayne Smith**

                                                                              **Daniel Wayne Smith**
                                                                              Debtor

Dated:   **November  9, 2007**                                  **/s/ Denise Lynne Smith**

                                                                              **Denise Lynne Smith**
                                                                              Debtor

Dated:   **November  9, 2007**                                  **/s/ Lloyd E. Koehler, Attorney at Law**

                                                                              **Lloyd E. Koehler, Attorney at Law**
                                                                              Attorney for Debtor(s)

Software Copyright (c) 1996-2007 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

Official Form 23 (10/06)

# United States Bankruptcy Court
## Southern District of Indiana

In re  **Daniel Wayne Smith**
**Denise Lynne Smith**

Case No.  **07-91920**

Chapter  **13**

_____ Debtor(s)

# DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT

*Every individual debtor in a chapter 7 or chapter 13 case must file this certification. If a joint petition is filed, each spouse must complete and file a separate certification. Complete one of the following statements and file by the deadline stated below:*

☐ I, _____, the debtor in the above-styled case hereby certify that on _____, I completed an instructional course in personal financial management provided by _____, an approved personal financial management provider.

Certificate No.: _____.

☐ I, _____, the debtor in the above-styled case, hereby certify that no personal financial management course is required because of *[Check the appropriate box.]*:

☐ Incapacity or disability, as defined in 11 U.S.C. § 109(h);

☐ Active military duty in a military combat zone; or

☐ Residence in a district in which the United States trustee (or bankruptcy administrator) has determined that the approved instructional courses are not adequate at this time to serve the additional individuals who would otherwise be required to complete such courses.

Signature of Debtor:  **/s/ Daniel Wayne Smith**
**Daniel Wayne Smith**

Date:  **November 9, 2007**

---

*Instructions:* Use this form only to certify whether you completed a course in personal financial management. (Fed. R. Bankr. P. 1007(b)(7).) Do NOT use this form to file the certificate given to you by your prepetition credit counseling provider and do NOT include with the petition when filing your case.

*Filing Deadlines:* In a chapter 7 case, file within 45 days of the first date set for the meeting of creditors under § 341 of the Bankruptcy Code. In a chapter 13 case, file no later than the last payment made by the debtor as required by the plan or the filing of a motion for entry of a discharge under § 1328(b) of the Code. (See Fed. R. Bankr. P. 1007(c).)

# United States Bankruptcy Court
## Southern District of Indiana

In re  **Daniel Wayne Smith**
**Denise Lynne Smith**                                          Case No.  **07-91920**

_____    Chapter  **13**
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that
compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **3,500.00** |
| Prior to the filing of this statement I have received | $ | **1,200.00** |
| Balance Due | $ | **2,300.00** |

2.    The source of the compensation paid to me was:

☑ Debtor        ☐ Other (specify):

3.    The source of compensation to be paid to me is:

☑ Debtor        ☐ Other (specify):

4.    ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.    [Other provisions as needed]
**Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC
522(f)(2)(A) for avoidance of liens on household goods.**

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

Dated:    **November  9, 2007**                          **/s/ Lloyd E. Koehler, Attorney at Law**
_____            _____
**Lloyd E. Koehler, Attorney at Law**
**Koehler Law Office**
**400 Pearl Street**
**Suite 200**
**New Albany, IN 47150**
**812-949-2211  Fax: 812-941-3907**
**lloydkoehl@aol.com**

---

ACADEMY COLLECTION SERVICE, INC.
10965 DECATUR ROAD
PHILADELPHIA, PA 19154-3210


BK OF AMER
4060 OGLETOWN/STAN
DE5-019-03-07
NEWARK, DE 19713


BOWMAN, HEINTZ, BOSCIA & VICIAN, PC
251 E. OHIO STREET #860
69C01-0510-CC-0088
INDIANAPOLIS, IN 46204


CACH LLC
370 17TH STREET
SUITE 5000
DENVER, CO 80202


CACH, LLC
4500 CHERRY CREEK DRIVE SOUTH
SUITE 700
DENVER, CO 80246


CAPITAL 1 BK
11013 W BROAD ST
69C01-0510-CC-0088
GLEN ALLEN, VA 23060


CAPITAL MANAGEMENT SERVICES, INC.
726 EXCHANGE STREET
SUITE 700
BUFFALO, NY 14210

CENTRA FCU
1430 NATIONAL BK
COLUMBUS, IN 47201


CHASE- BP
PO BOX 15298
WILMINGTON, DE 19850


CITI
POB 6241
SIOUX FALLS, SD 57117


GEMB/JCP
PO BOX 981402
EL PASO, TX 79998


GEMB/LOWES
PO BOX 981400
EL PASO, TX 79998


HOMECOME FIN
2711 N HASKELL
SUITE 1000
DALLAS, TX 75204


HSBC/BSTBY
POB 15521
WILMINGTON, DE 19805

KOHLS
N56 W17000 RIDGE
MENOMONEE FALL, WI 53051


MARATHON ASH
539 S. MAIN
FINDLAY, OH 45840


MBNA
ATTN: BANKRUPTCY
POB 15019
WILMINGTON, DE 19850-5971


NORTHSTAR LOCATION SERVICES
4285 GENESSEE STREET
BUFFALO, NY 14225


RIPLEY SUPERIOR COURT
69C01-0510-CC-0088
POB 801, 115 N. MAIN ST.
VERSAILLES, IN 47042


THD/CBSD
PO BOX 6003
HAGERSTOWN, MD 21747


US BK HM MTG
777 E WISCONSIN
MILWAUKEE, WI 53202